**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **MICHAEL McCOY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **1:25-cv-5–WLS** |
| **DOUGHTERY COUNTY, GEORGIA,** *et al.*, | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Before the Court is Defendants' Motion for Reconsideration or in the Alternative Motion for Amendment of the Rule 16/26 Scheduling Order (Doc. 27) ("Motion"). Therein Defendants seek reconsideration of the Court's September 8, 2026 Order (Doc. 26) denying Defendants' Motion for Judgment on the Pleadings (Doc. 23). Alternatively, Defendants request an extension of the expired dispositive motion deadline so they may file a motion for summary judgment. Plaintiff did not file a response to the Motion. After review, the Court **DENIES** the Motion.

## I. MOTION FOR RECONSIDERATION

### A. Standard of Review

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Georgia Farms Servs., LLC*, 977 F. Supp. 2d 1336, 1337–38 (M.D. Ga. 2013);

*see McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997) (same). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (modified). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

### B. Analysis

In its September 8, 2026 Order (Doc. 26), the Court declined to take judicial notice of certain partially quoted Dougherty County Georgia Ordinances cited by the parties on the bases that neither party requested that the Court take judicial notice of any Ordinance and, more significantly, neither party produced certified copies of the complete text of any cited Ordinances or provided citations to the source of such Ordinances. (*See* Doc. 26 at 6–8). Defendants now seek to provide certified copies of the Ordinances to correct their error in the record by failing to provide certified copies of the Ordinances with their motion to dismiss. However, as noted above, a motion for reconsideration cannot be used to present evidence that could have been presented prior to entry of judgment. Nor is it an error of law or fact on the part of a party that is subject to reconsideration. Rather, it is an error of the court that may justify a reconsideration of a court's order or judgment. *See Fla. Found. Seed Producers,* 977 F. Supp. 2d at 1337; *McCoy*, 966 F. Supp. at 1223. Defendants have not provided any other basis on which the Court should reconsider its decision denying their motion for judgment on the pleadings.

Accordingly, Defendants' Motion (Doc. 27) is **DENIED** to the extent it requests the Court reconsider its September 8, 2026 Order (Doc. 26).

## II. MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE

Alternatively, Defendants request that the Court extend the April 9, 2026 dispositive motion deadline that was set by the Court's August 27, 2025 Discovery/Scheduling Order (Doc. 21) so that they may file a motion for summary judgment. Defendants state that their motion for judgment on the pleadings was pending during the expiration of the dispositive

motion deadline, "and it contained the same arguments that would have been advanced in [their motion for summary judgment]." (Doc. 27 at 5). The Court finds this argument unpersuasive. In its September 8, 2026 Order, the Court found that there are material questions of fact that are in dispute in this matter. If Defendants' motion for summary judgment merely advances the same arguments as those in Defendants' motion for judgment on the pleadings, the Court finds those material disputed questions of fact are unlikely to be resolved by the Defendants' providing certified copies of the Ordinances that were missing from its motion for judgment on the pleadings. For instance, in its September 8, 2026 Order, the Court identified the following disputed material questions of fact:

> Defendants contend that the 2023 Employment Agreement cannot be ratified because the 2022 Board did not have authority to enter into the agreement in December 2022. In support of this argument, the Board argues that the Dougherty County Code provides that the county administrator shall be appointed in January of each year for a term of one year. They further assert that none of the severance, retirement, or heath [sic] care benefits provided for in the 2023 Employment Agreement are authorized by any local ordinance or Dougherty County policy. Plaintiff counters that there is nothing in the Ordinances that prevents such contractual provisions, and that the Ordinances are silent as to when the Board can execute an employment contract with the county administrator. These are material questions of fact that are in dispute.
>
> In addition, Plaintiff asserts that the 2023 Employment Agreement was ratified by the 2023 Board performing under the agreement until Plaintiff was terminated effective June 26, 2023. More significantly, Plaintiff notes that the 2023 Board paid him the severance benefits due under the 2023 Employment Agreement for almost two years after his termination, or until April 2025 when he filed this action. Plaintiff asserts these actions constitute ratification of the 2023 Employment Agreement.

(Order Doc. 26 at 9–10). Providing certified copies of the Ordinances does not of necessity resolve these issues. As to appointment of the county administrator, the Code of Dougherty County, Georgia, provides that "[t]he county administrator shall be appointed by majority vote of the board of commissioners of Dougherty County. . . ." (Doc. 27-1 at 3, Dougherty County Code § 1-3-21). As Plaintiff argued, there is nothing in this provision titled "Appointment; restrictions" that states when the county administrator is to be appointed or the contract entered into. However, as Defendant points out, the provision for the county administrator's "[t]erm; removal; suspension and removal . . ." provides:

> The county administrator shall be *appointed in January of each year for a term of one (1) year*. The county administrator shall be subject to suspension or removal from office at any time for just cause. In case of suspension or removal the county administrator shall be given a written statement of the reasons for such action. He may within five (5) days from receipt thereof request a public hearing thereon before the board of commissioners of Dougherty County, which request shall be filed with the board. . . . The action of the board of commissioners in suspending or removing the county administrator shall be by majority vote and shall be final.

(Doc. 27-2 at 3, Dougherty County Code § 1-3-23 (emphasis added)). Whether or not Plaintiff's 2023 Employment Agreement is void *ab initio*, voidable, against public policy, or whether it was ratified, involve questions of material fact to be resolved by a jury. In any case, the deadline for filing dispositive motions was set and known to all parties without conditions and no party timely moved the Court to extend that deadline. The Court does not find the mere existence of a separate motion sufficient excuse for failing to do so.

Accordingly, Defendants' request for an extension of time to file a motion for summary judgment is **DENIED**.

## III. CONCLUSION

Upon a full review, Defendants' Motion for Reconsideration or in the Alternative Motion for Amendment of the Rule 16/26 Scheduling Order (Doc. 27) is **DENIED**.

**SO ORDERED**, this 8th day of October 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**